[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On October 25, 1998, at the Value City store in Springdale, Ohio, Shaun M. Zimmermann forced his way into a bathroom stall where an eight-year-old boy was urinating. The boy yelled for help to no avail. Zimmermann fondled the boy's genitals and then, in the boy's words, "stuck something up [the boy's] butt." Zimmermann then apologized and asked the boy if he wanted to come with him. When the boy refused, Zimmermann left. The boy ran to his mother in the store, and his mother called 911. The boy gave a description of the suspect to the 911 operator and to Springdale Police Officer Randall Pierce, who arrived minutes later. Officer Pierce put out a radio broadcast of the suspect's description. Officer Pierce then allowed the boy to view a store surveillance videotape from which the boy identified Zimmermann.
A jury found Zimmermann guilty of rape and gross sexual imposition. Before sentence, the trial court determined Zimmermann to be a sexual predator pursuant to R.C. 2950.09. The trial court then sentenced Zimmermann to a mandatory life term on the rape charge.[1]
Zimmermann asserts three assignments of error. In his first assignment of error, Zimmermann claims that he was denied the effective assistance of trial counsel. In such a claim, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, were it not for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. A strong presumption exists that counsel's performance fell within the wide range of reasonable professional assistance. See State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
Zimmermann complains that trial counsel failed to file a motion to suppress identification testimony. Zimmermann contends that the victim's out-of-court identification was unreliable because a police officer pointed to an individual on the surveillance videotape.[2] This court has held that an assertion of ineffective assistance of counsel for failure to make certain pretrial motions, such as a motion to suppress, will not lie where the record demonstrates that such a motion would have been feckless. See State v. Ervin (Sept. 8, 1982), Hamilton App No. C-810687, unreported.
In this case, the victim testified to the proximity of Zimmermann during the sexual assault, and further testified that no other person was present at the time of the offense. More importantly, before the victim viewed the surveillance videotape, the victim had given a physical description of Zimmermann to both the 911 operator and to Officer Pierce. Officer Pierce's broadcast of the suspect's description occurred before the victim viewed the store surveillance videotape. Based upon the evidence, Zimmermann cannot demonstrate that the procedure was so unduly suggestive and conducive to irreparable mistaken identification that he was denied the due process of law. See Neil v. Biggers
(1972), 409 U.S. 188, 93 S.Ct. 375. Therefore, a motion to suppress this evidence would have been feckless. See Ervin,supra; State v. Brady (May 9, 1997), Licking App. No. 96 CA 135, unreported.
Zimmermann further claims ineffectiveness as a result of trial counsel's elicitation of unfavorable testimony during his cross-examination of a state's witness. We find this claim to be without merit, however, because great latitude is given defense counsel in matters of trial strategy. See State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128.
Finally, Zimmermann claims that counsel failed to adequately prepare for trial, to interview and call witnesses, and to advise him concerning the options available in his defense. This claim is not demonstrated in the record.
Thus, because Zimmermann cannot demonstrate that there were errors by counsel that fell below an objective standard of reasonableness, as is required by Strickland, supra, Zimmermann's first assignment of error is overruled.
Zimmermann's second assignment of error asserts that the trial court erred in finding him to be a sexual predator. The trial court must find by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(B)(3). It is well established that the weight of the evidence is a matter for the trial court to decide, and when its decision is supported by competent evidence, this court will not disturb it. See State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212; C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
In this case, the trial court's entry makes clear that the court considered all of the relevant factors set forth in R.C.2950.09(B)(2), and its decision was not contrary to the weight of the evidence. The record reflects that the victim was eight years old and that Zimmermann was twenty years old. Furthermore, Zimmerman had prior convictions for misuse of a credit card and for receiving stolen property, as well as juvenile adjudications for delinquency. Finally, the trial court's finding of cruelty was supported by the jury's determination that Zimmermann had compelled the victim to submit to anal penetration. Therefore, Zimmermann's second assignment of error is overruled.
In his final assignment of error, Zimmermann contends that his conviction for rape was not supported by sufficient evidence and was against the manifest weight of the evidence.
To reverse a conviction for insufficient evidence, after reviewing the evidence in the light most favorable to the prosecution, an appellate court must conclude that "no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all inferences, consider the credibility of the witnesses, and determine that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a miscarriage of justice. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The weight to be given the evidence and the credibility of the witnesses at trial are issues primarily for the trier of fact. See DeHass, supra.
At trial, Zimmermann denied entering the victim's restroom stall or touching the victim, but he admitted that he was in the restroom at the same time as the victim and that he had attempted to help the victim when the victim was unable to lock the stall door. Although Zimmermann denied the allegations made against him, the evidence presented by the state, if believed, established all of the elements of the rape. Moreover, we cannot say that the trier of fact lost its way in resolving conflicts in the evidence. Accordingly, we overrule Zimmermann's final assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge
[1] The gross-sexual-imposition charge merged with the rape charge for purposes of sentencing.
[2] The testimony of Officer Pierce was that, as the videotape started to play, the victim pointed at the screen and said, "That's it." The victim testified that an officer pointed to a person on the screen and asked if that might be the suspect, to which the victim replied, "Yeah, I think that is." Officer Pierce did not recall pointing to the screen.